IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GRACENOTE, INC.,

        Plaintiff;

v.

FREE STREAM MEDIA CORP. d/b/a SAMBA TV,

        Defendant.

Civil Action No. 18-1608-RGA

MEMORANDUM OPINION

David E. Moore, Bindu A. Palapura, and Stephanie E. O'Byrne, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Steven Yovits and Mark Scott, KELLEY DRYE & WARREN LLP, Chicago, IL; and Clifford Katz and Malavika Rao, KELLEY DRYE & WARREN LLP, New York, NY, attorneys for Plaintiff.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Sten Jensen, ORRICK HERRINGTON & SUTCLIFFE LLP, Washington, D.C.; Clement Seth Roberts, ORRICK HERRINGTON & SUTCLIFFE LLP, San Francisco, CA; and Alyssa Caridis, ORRICK HERRINGTON & SUTCLIFFE LLP, Los Angeles, CA, attorneys for Defendant.

December 11, 2019


**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Report & Recommendation ("Report") of a United States Magistrate Judge. (D.I. 22). It addresses Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6). (D.I. 10). Defendant filed objections to the Report. (D.I. 23). Plaintiff responded to Defendant's objections. (D.I. 24). The Magistrate Judge's Report is comprehensive, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

I. **LEGAL STANDARD**

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations *de novo*.

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual assumptions must be enough to raise a right to relief above the speculative level ... on the assumption that the allegations in the complaint are true (even if doubtful in fact)."). There must also be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## II. DISCUSSION

Defendant objects to the Report's findings that U.S. Patent Nos. 8,171,030 ("the '030 Patent"), as well as 9,066,114, 9,479,831, and 9,407,962 (collectively, the "Trigger Patents") claim patent-eligible subject matter.

### a. The '030 Patent

Defendant's first objection to the Report is that it failed to find that claim 1 of the '030 Patent is directed to an abstract idea. (D.I. 23 at 4). Defendant asserts that the Report misapplied the Federal Circuit's ruling in *Enfish LLC v. Microsoft Corporation* because the '030 Patent claims using a well-known "tree" database to index and store videos using a "robust hash" and "traversal index," which are "abstract concepts that long predate videos and video databases." (*Id.* at 3; citing 822 F.3d 1327 (Fed. Cir. 2016)). In *Enfish*, the Federal Circuit held that claims to a new, specific way of structuring a database were patent-eligible. 822 F.3d at 1337-38; *see Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) (explaining that the claims in *Enfish* were eligible "because [they] focused not on asserted advances in uses to which existing computer capabilities could be put, but on a specific improvement... in how computers could carry out one of their basic functions"). Defendant asserts that the Report merely "[i]dentif[ied] purported benefits stemming from the use of an abstract idea," which do not make a claim patent-eligible. (D.I. 23 at 4; citing *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015)).

Defendant also argues that the focus of the claim in the asserted patent is essentially a claim to the "creation of an index used to search and retrieve information stored in a database,"

2

which is an abstract idea. (D.I. 23 at 4; citing *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327 (Fed. Cir. 2017)). Defendant contends, "The alleged improvement of using a robust hash as a traversal index does not 'enable[] a computer… to do things it could not do before.'" (D.I. 23 at 4; citing *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018)).

Plaintiff argues that Defendant improperly isolates certain elements of the asserted claims in order to argue that these elements were known in the prior art. (D.I. 24 at 1). Plaintiff emphasizes the structure and efficiency of the invention described by the asserted claims, specifically the improvement on the structure of the database and the way traversal indexes are formulated and used. (D.I. 24 at 10; D.I. 1, Ex. E at 1:54-59, 2:2-13, 8:52-54, 15:29-34). Unlike the claims of *Erie*, which simply "created a system like the index at the back of a book," Plaintiff contends that the claims of the '030 patent more analogously describe a novel improvement in the organizational structure of a database or the generation of a traversal index. (D.I. 24 at 10).

In her report, the Magistrate Judge applied the two-step framework set forth by the Supreme Court in *Mayo* and *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 134 S. Ct. 2347 (2014). (D.I. 22 at 15-18). This framework requires the Court 1) to determine whether the claims are directed to a patent-ineligible concept – such as a law of nature, natural phenomenon, or abstract idea – and, if they are, 2) to determine whether there is an 'inventive concept… sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.' *Alice*, 134 S. Ct. at 2355 (internal quotation marks and alterations omitted). In applying this framework, the Magistrate Judge emphasized the factual similarity between Claim 1 of the '030 patent and the claims found to be patent-eligible in *Enfish*. (D.I. 22 at 16-17).

3

Because the focus of the claim language at issue in *Enfish* does, in fact, mirror the analogous language of Claim 1 of the '030 patent, I think it was correct for the Magistrate Judge to do so.

In *Enfish*, the court reasoned that the specification of the asserted patents taught "benefits over conventional databases, such as increased flexibility, faster search times, and smaller memory requirements." 822 F.3d at 1337. Here, the '030 patent overcomes prior art concerns regarding "the size and complexity of the individual signatures generally used, and the absence of an indexing system for these complex signatures," thereby claiming a more accurate and efficient technology than that known in the prior art. (D.I. 1, Ex. E at 1:54-59). The court in *Enfish* found that "the plain focus of the claims [was] on an improvement to computer functionality itself, not on economic or other tasks for which a computer is used in its ordinary capacity," and found that the benefits of the invention, which included faster searching and more effective data storage, distinguished the invention from conventional database structures. 822 F.3d at 1333, 1336-37. Here, the claim language is specifically directed to the use of a robust hash to organize a multi-dimensional video database and represents an improved method providing greater efficiency over conventional methods of organizing such a database. *See id.* at 1337; D.I. 1, Ex. E at 1:54-59, 2:2-13, 8:52-54, 15:29-34.

Defendant argues that the Federal Circuit's decision in *Erie,* which was about an improvement in the technology of computer databases, supports a finding of ineligibility in this case. The court in *Erie* found that the claims failed to focus on how the use of certain tags led to an improvement in the database search technology. 850 F.3d at 1328. Distinguishing the facts of this case from *Erie*, the Magistrate Judge explained that the specification of the '030 patent "resolves accuracy and performance issues presented by known methods" by focusing on the generation of a robust hash as a traversal index. (D.I. 22 at 18; D.I. 1, Ex. E at 5:23-36).

4

Accordingly, I agree with the Magistrate Judge's finding that the asserted claim of the '030 patent does not recite an abstract idea. (D.I. 22 at 17).

I overrule Defendant's first objection to the Report.

### b. The Trigger Patents

Defendant's second objection to the Report is that it failed to find representative claim 11 of the Trigger Patents is directed to the abstract idea of comparing observed data against a reference and taking an action upon detecting a match. (D.I. 23 at 6). Defendant characterizes the language of the asserted claims of the Trigger Patents in a broad manner, stating that the claims are directed to "the abstract idea of comparing observed data against a reference and taking an action upon detecting a match." (D.I. 23 at 6).

The Magistrate Judge applied the two-step framework set forth by the Supreme Court in *Mayo* and *Alice*. (D.I. 22 at 7-14). The Report explains that the Defendant's characterization of the asserted claims is overbroad because it would encompass the precise disadvantageous concepts that the specification expressly states that the claimed invention is designed to avoid, such as watermarking and trigger points based on the time of day. (D.I. 22 at 10-11, citing D.I. 1, Ex. C at 2:42-43, 2:52-53, 6:62-65, 9:33-35).

The asserted claims must be read as a whole to determine whether they are directed to a functional improvement. *Data Engine Techs, LLC v. Google LLC*, 906 F.3d 999, 1011 (Fed. Cir. 2018). When read as a whole, the asserted claims of the Trigger Patents are directed to a system and method of implementing accurate fingerprinting in a multimedia stream to avoid the necessity of involving a broadcaster corporation. (D.I. 1, Ex. C at 9:27-47). The Magistrate Judge appropriately compared the asserted claims in the Trigger Patents to those at issue in *Thales Visionix Inc. v. United States*, in which the Federal Circuit determined that the use of

5

conventional sensors and a mathematical equation to more accurately calculate the position of an object on a moving platform did not render the claims ineligible because the claims identified a particular configuration of the sensors and a particular way of using the raw data that eliminated problems inherent in prior art methods. 850 F.3d 1343, 1349 (Fed. Cir. 2017). "Similarly, the asserted claims of the Trigger Patent recite *known* fingerprints in an *unconventional* manner to *improve* the accuracy of a trigger's position within a multimedia stream." (D.I. 22 at 12, citing D.I. 1, Ex. C at 3:21-25 (emphasis added)). I agree with the Magistrate Judge's thorough analysis that "the asserted claims of the Trigger Patents are directed to a method of achieving a specific solution to a known technological problem in the field of the invention, thereby improving the computer technology itself," and conclusion that the Trigger Patents do not claim an abstract idea. (D.I. 22 at 14; citing D.I. 1, Ex. C at 2:50-53, 5:10-17).

I overrule Defendant's second objection to the Report.

### III. CONCLUSION

For the reasons discussed above, I will adopt the Magistrate Judge's Report and deny Defendant's Motion to Dismiss. An accompanying order will be entered.