**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GRACENOTE, INC.,                              )
                                              )
                    Plaintiff,                )
                                              )   C.A. No. 18-1608-RGA
          v.                                  )
                                              )
FREE STREAM MEDIA CORP.                       )
d/b/a SAMBA TV,                               )
                                              )
                    Defendant.                )

## PROTECTIVE ORDER

WHEREAS, Plaintiff Gracenote, Inc. ("Plaintiff") and Defendant Free Stream Media Corp., d/b/a Samba TV ("Defendant") hereafter collectively referred to as "the Parties," believe that in the above-captioned civil action, *Gracenote, Inc. v. Free Stream Media Corp, d/b/a Samba TV*, Civil Action No. 1:18-cv-01608-RGA ("Action'), certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of such information and documents in these proceedings:

1.        Scope of Protection

This Protective Order shall govern any record of information produced in this Action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced

informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this Action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

2.    <u>Definitions</u>

(a)    The term PRODUCING PARTY shall mean a Party or non-party, on behalf of which documents, things, or information are produced, furnished, or disclosed during the course of this Action, in response to requests for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at hearings or trial, materials introduced into evidence, or other form of information produced, furnished, or disclosed by or on behalf of such a Party or non-party.

(b)    The term RECEIVING PARTY shall mean any Party to which documents, things, or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

(c)    The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, source code, or other information designated as such by the Producing Party.

(d)    The term HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, shall mean Protected Information that is so designated by the Producing Party. The designation HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of

past, current, or future Protected Information: (1) sensitive technical information, including

current research, development and manufacturing information and patent prosecution

information, (2) sensitive business information, including highly sensitive financial or marketing

information and the identity of suppliers, distributors and potential or actual customers, (3)

competitive technical information, including technical analyses or comparisons of competitor's

products, (4) competitive business information, including non-public financial or marketing

analyses or comparisons of competitor's products and strategic product planning, or (5) any other

Protected Information the disclosure of which to non-qualified people subject to this Protective

Order the Producing Party reasonably and in good faith believes would likely cause harm.

      (e)     The term CONFIDENTIAL shall mean all Protected Information that is not

designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information or

HIGHLY CONFIDENTIAL SOURCE CODE information.

      (f)     The term HIGHLY CONFIDENTIAL SOURCE CODE shall mean Protected

Information that constitutes or contains non-public source code for software or computer

applications or hardware description language (HDL) code (or the equivalent) of the Producing

Party or of any third parties.

      (g)     With respect to documents, information or material designated

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL SOURCE CODE" (collectively, "Protected Information"), subject

to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a)

all documents, electronically stored information, and/or things as defined by the Federal Rules of

Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.

(h)     To the extent a Producing Party believes that certain Protected Information qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Information "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or to the extent such Protected Information includes HIGHLY CONFIDENTIAL SOURCE CODE, the Producing Party may designate such Protected Information as "HIGHLY CONFIDENTIAL SOURCE CODE."

(i)     The term TECHNICAL ADVISOR shall refer to any person who is not a party to this Action and/or not presently employed by the Receiving Party or a company affiliated through common ownership, who has been designated by the Receiving Party to receive another party's Protected Information, including HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, CONFIDENTIAL, and HIGHLY CONFIDENTIAL SOURCE CODE information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.     Disclosure Agreements

(a)     Each Receiving Party's Technical Advisor shall sign a disclosure agreement in the form attached hereto as Appendix A. Copies of any disclosure agreement in the form of Appendix A signed by any person or entity to whom Protected Information is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No

disclosures shall be made to a Technical Advisor for a period of five (5) business days after the disclosure agreement is provided to the other party.

(b)      Before any Protected Information is disclosed to outside Technical Advisors, the following information must be provided in writing to the Producing Party and received no less than five (5) business days before the intended date of disclosure to that outside Technical Advisor: the identity of that outside Technical Advisor, business address and/or affiliation and a current curriculum vitae of the Technical Advisor, and, if not contained in the Technical Advisor's curriculum vitae, a brief description, including education, present and past employment, consulting and litigation engagements for the previous five years, and general areas of expertise of the Technical Advisor. If the Producing Party objects to disclosure of Protected Information to an outside Technical Advisor, the Producing Party shall within ten (10) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within ten (10) business days shall authorize the disclosure of Protected Information to the Technical Advisor. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the Protected Information to the expert shall move within ten (10) business days for an Order of the Court preventing the disclosure.[1] The burden of proving that the objections are proper shall be upon the Producing Party. If no such motion is made within ten (10) business days, disclosure to the Technical Advisor shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of Protected Information to the Technical Advisor shall not be made except by Order of the Court.

---

[1] Consistent with the Court's procedures for resolving discovery disputes.

(c)      Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(d)      No party shall attempt to depose any Technical Advisor until such time as the Technical Advisor is designated by the party engaging the Technical Advisor as a testifying expert. Notwithstanding the preceding sentence, any party may depose a Technical Advisor as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this Action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the Technical Advisor as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.      <u>Designation of Information</u>

(a)      Documents and things produced or furnished during the course of this Action shall be designated as CONFIDENTIAL by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

(b)      Documents and things produced or furnished during the course of this Action shall be designated as containing information which is HIGHLY CONFIDENTIAL–

ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY

(c)    Documents and things produced or furnished during the course of this Action shall be designated as containing information which is HIGHLY CONFIDENTIAL SOURCE CODE by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

HIGHLY CONFIDENTIAL SOURCE CODE

(d)    During discovery, a Producing Party shall have the option to require that all or batches of materials be treated as containing HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(e)    A party may designate information disclosed at a deposition as CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE by requesting the reporter to so designate the transcript at the time of the deposition.  If not otherwise designated at the deposition, deposition transcripts shall be treated as HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY for thirty (30) days following receipt of the final transcript.  Within thirty (30) days of receipt of the final transcript, or some other time agreed upon by the Parties, either Party may designate the deposition transcript as CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE.

(f)    To the extent applicable, a Producing Party shall designate its discovery responses and all other papers sent to opposing counsel as CONFIDENTIAL, HIGHLY

CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE

CODE when such papers are served or sent.  Any papers filed with the Court that include

Protected Information shall be designated "CONFIDENTIAL – FILED UNDER SEAL" and

shall be treated by the opposing party as if the papers had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise modified by the party

serving the papers.

(g)     The parties will use reasonable care to avoid designating any documents or

information as CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY,

or HIGHLY CONFIDENTIAL SOURCE CODE that is not entitled to such designation or which

is generally available to the public.

5.      Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL–

ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE shall be disclosed

by the Receiving Party only to Qualified Recipients (as defined in Section 7 below). All Qualified

Recipients shall hold such information received from the disclosing party in confidence, and shall

not use it for any business or other commercial purpose, and shall not disclose it to any person,

except as hereinafter provided. All information that has been designated CONFIDENTIAL,

HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL

SOURCE CODE shall be carefully maintained so as to preclude access by persons who are not

qualified to receive such information under the terms of this Order.

6.      HIGHLY CONFIDENTIAL SOURCE CODE

For information that has been designated HIGHLY CONFIDENTIAL SOURCE CODE,

the Parties shall comply with the additional restrictions in the Parties' Source Code Access

Agreement.

7.     Qualified Recipients

For purposes of this Order, and subject to the additional restrictions in the Parties' Source Code Access Agreement, "Qualified Recipient" means

(a)     For information designated HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY and HIGHLY CONFIDENTIAL SOURCE CODE:

(1)     Outside counsel of record for the parties in this Action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the Action, outside copying services, document management services and graphic services;

(2)     Court officials involved in this Action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)     Personnel at document duplication, coding, imaging or scanning service establishments, jury consultants, and/or mock jurors retained by, but not regularly employed by, outside litigation counsel as necessarily incident to the litigation of this Action;

(5)     Any outside Technical Advisor employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

(6)     Any witness during the course of discovery, so long as it is stated on the face of each document designated HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the

creation of the document. Where it is not stated on the face of the confidential document being

disclosed that the witness to whom a party is seeking to disclose the document was either an

author, recipient, or otherwise involved in the creation of the document, the party seeking

disclosure may nonetheless disclose the confidential document to the witness, provided that: (i)

the party seeking disclosure has a reasonable basis for believing that the witness in fact received

or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party

that produced the document, and (iii) the party that produced the document does not inform the

party seeking disclosure that the person to whom the party intends to disclose the document did

not in fact receive or review the documents. Nothing herein shall prevent disclosure at a

deposition of a document designated HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY

or HIGHLY CONFIDENTIAL SOURCE CODE to the officers, directors, and managerial level

employees of the party producing such HIGHLY CONFIDENTIAL– ATTORNEYS EYES

ONLY or HIGHLY CONFIDENTIAL SOURCE CODE, or to any employee of such party who

has access to such HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

or HIGHLY CONFIDENTIAL SOURCE CODE in the ordinary course of such employee's

employment.

     (b)    For CONFIDENTIAL information:

     (1)    Those persons listed in paragraph 7(a);

     (2)    In-house counsel and other employees of a Party to this Action who are

actively engaged in the investigation, prosecution or defense of this Action, and the secretary,

paralegal assistants and support staff of such employees to the extent reasonably necessary.

8.      Use of Protected Information

(a)      In the event that any Receiving Party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Protected Information, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and filed pursuant to District of Delaware Local Rule 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service by Electronic Means, and shall be treated accordingly.

(b)      All documents, including attorney notes and abstracts, which contain another party's Protected Information, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c)      To the extent that documents are reviewed by a Receiving Party prior to production, any knowledge learned during the review process will be treated by the Receiving Party as HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(d)      Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of

any materials designated HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY or

HIGHLY CONFIDENTIAL SOURCE CODE.

9.      Inadvertent Failure to Designate

(a)      In the event that a Producing Party inadvertently fails to designate any of its

information pursuant to paragraph 4, such failure shall not be deemed a waiver of the protections

provided in this order and such information  may later be designated by notifying the Receiving

Parties in writing. The Receiving Parties shall take reasonable steps to see that the information is

thereafter treated in accordance with the designation.

(b)      It shall be understood however, that no person or party shall incur any liability

hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated

designation.

10.      Challenge to Designation

(a)      Any Receiving Party may challenge a Producing Party's designation at any time.

A failure of any party to expressly challenge a claim of confidentiality or any document

designation shall not constitute a waiver of the right to assert at any subsequent time that the

same is not in-fact confidential or not an appropriate designation for any reason.

(b)      Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any

Receiving Party may disagree with the designation of any information received from the

Producing Party as CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES

ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE. In that case, any Receiving Party

desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order,

may request the Producing Party in writing to change the designation, stating the reasons in that

request. The Producing Party shall then have five (5) business days from the date of receipt of the notification to:

> (i)     advise the receiving parties whether or not it persists in such designation; and
>
> (ii)    if it persists in the designation, to explain the reason for the particular designation.

(c)     If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any Receiving Party may then move the court to change the designation.[2] The burden of proving that the designation is improper shall be upon the Receiving Party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the Producing Party if:

> (i)     the information in question has become available to the public through no violation of this Order; or
>
> (ii)    the information was known to any Receiving Party prior to its receipt from the Producing Party; or

---

[2] Consistent with the Court's procedures for resolving discovery disputes.

       (iii)      the information was received by any Receiving Party without restrictions on disclosure from a third party having the right to make such a disclosure.

11.    <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the Producing Party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. The parties agree that such inadvertent disclosures of attorney-client privileged or attorney work product materials shall not operate as a waiver of the attorney-client privilege or attorney work product protection.  In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, the parties therefore agree that if either party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the Producing Party or destroyed. The Receiving Party shall return to the Producing Party or destroy such document or thing. The return or destruction of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

12.     <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's Protected Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the Producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.  Compliance with these requirements does not excuse the disclosure or prevent the Producing Party from seeking a remedy from the Court to address the inadvertent disclosure.

13.     <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

14.     <u>Conclusion of Action</u>

(a)     At the conclusion of this Action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the Producing Party all materials and documents containing Protected Information and to certify to the Producing Party such destruction or return within sixty (60) days of the conclusion of the

Action. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)      After this Action, outside counsel for each party may retain one archive copy of all pleadings filed with the Court, all documents and things presented to the Court at hearings and trial, and all deposition transcripts and exhibits even if they contain or reflect another party's Protected Information. Outside counsel's archive copy shall remain subject to all obligations of this Order.

15.      Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this Action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE. The parties agree that they will treat such Protected Information produced by third parties according to the terms of this Order.

16.      Compulsory Disclosure to Third Parties

If any Receiving Party is subpoenaed in another Action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Protected Information of a Producing Party, the Receiving Party shall give prompt written notice to counsel for the Producing Party and allow the Producing Party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

17.    Jurisdiction to Enforce Protective Order

After the termination of this Action, the Court will continue to have jurisdiction to enforce this Order.

18.    Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

19.    Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether the information should be disclosed.

20.    Confidentiality of Party's own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

IT IS SO ORDERED:


_____                    _____
Dated                                  The Honorable Judge Richard G. Andrews
                                       United States District Judge


6574811/45232

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRACENOTE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-1608-RGA |
| v. | ) | |
| | ) | |
| FREE STREAM MEDIA CORP. | ) | |
| d/b/a SAMBA TV, | ) | |
| | ) | |
| Defendant. | ) | |

### APPENDIX A PROTECTIVE ORDER

I _____, am employed by _____. In connection with this Action, I am:

\_\_\_\_ a director, officer or employee of _____ who is directly assisting in this Action;

\_\_\_\_ have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

\_\_\_\_ Other Qualified Recipient (as defined in the Protective Order)

(Describe: _____)

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of *Gracenote, Inc. v. Free Stream Media Corp. d/b/a Samba TV*, Civil Action No. 1:18-cv-01608-RGA, pending in the United States District Court for the District of Delaware. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any CONFIDENTIAL, HIGHLY CONFIDENTIAL–ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE

CODE information, including documents, for any purpose not necessary to my participation in this Action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order.

I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

To the extent I have been given access to CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE information, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing CONFIDENTIAL, HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY, or HIGHLY CONFIDENTIAL SOURCE CODE information, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.

Promptly upon termination of this Action, I will return or destroy all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Delaware for purposes of its

enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Name (printed)

Date: _____