**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GRACENOTE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 18-1608-RGA |
| v. | ) |
| | ) |
| FREE STREAM MEDIA CORP. | ) |
| d/b/a SAMBA TV, | ) |
| | ) |
| Defendant. | ) |

**SOURCE CODE ACCESS AGREEMENT**

The parties jointly move for and stipulate to the entry of this Source Code Access Agreement, which will supplement the general Protective Order to be submitted by the parties.

1. Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, all relevant and properly requested source code shall only be provided on a secured stand-alone computer (a computer not connected to a network, Internet, or a peripheral device, "Source Code Computer") residing in a locked room or other secure location at the offices of (a) the Producing Party, (b) the Producing Party's outside counsel, (c) any other location to which the parties jointly agree. The election between the above locations for production rests with the Producing Party.

2. Source code review shall be conducted during regular business hours (9:00 a.m. through 5:00 p.m. local time) or at other mutually agreeable times. The parties agree to cooperate in good faith, such that maintaining the Producing Party's source code at the offices of the Producing Party or the Producing Party's Outside Counsel or any other facility will not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

3. The Receiving Party must give reasonable notice to the Producing Party, at least five (5) business days in advance of the requested inspection, each time the Receiving Party requests a review of source code on the Source Code Computer. The Receiving Party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures identified above and the Court's fact discovery deadline.

4. The Receiving Party shall identify in writing all individuals it requests be given access to the source code at least ten (10) business days prior to the first inspection. Proper identification includes the individual's full name, city and state of the individual's primary residence, and current employer(s). Each party can identify no more than two (2) experts for source code review. The Producing Party may object to providing access to any persons so identified and, if so, must set forth in detail the grounds on which it is objecting. The Producing Party may also deny access to any individual who fails to properly provide identification. Objections and denials of access must be in writing, and disputes over such issues shall be presented to the Court for resolution unless resolved by agreement among the parties.

5. The Source Code Computer shall have disk encryption and be password protected. The Producing Party shall provide a manifest of the contents of the Source Code Computer, listing the name and location of every source and executable file escrowed on the computer. The manifest shall be supplied in electronic form on the Source Code Computer.

6. The parties shall take reasonable steps to produce all source code with any software required to allow review of the code in a manner reasonably equivalent to the review in the ordinary course of business by the Producing Party. At minimum, this will include software utilities that provide the ability to (a) view, search, and line-number any source file, (b) search

for a given pattern of text through a number of files, and (c) compare two files and display their differences.

7.     The Receiving Party may request that other commercially available software search tools for viewing and searching the source code be installed on the Source Code Computer, including plugins that may need to be downloaded from the internet through Visual Studio Code and other software.  If such a request is made, the Requesting Party shall provide the Producing Party with the physical media containing such software tools at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer or direct the Producing Party to where the software tools or plugins may be obtained on the internet.  The Producing Party shall not be required to install software or plugins that requires substantial, unreasonable modifications to the hardware or software of the computer(s) and may object to a software tool installation within four (4) days of the Receiving Party's request.  Costs associated with the purchase or installation of such software tools, including any licenses, shall be borne by the party requesting its use.  The Parties acknowledge that the Requesting Party may request the installation of additional software after the Source Code Computer has been initially set up and its connectivity restricted.  The Producing Party shall cooperate in good faith to install such plugins or other software as soon as possible, but, in any event, within seven (7) days of the date they are requested, to the extent the Producing Party does not have a good faith, reasonable objection.

8.     The Receiving Party shall be entitled to request printed copies of limited aspects of the source code.  To designate the pages for printing, the Reviewing Party shall print the selected page to an electronic PDF and place the PDF files in a folder on the desktop of the

Source Code Computer that shall be clearly labeled as a location for pages of source code to be printed.  The Producing Party shall then print and produce the designated pages with the appropriate Bates stamp and Protective Order designations.  The Producing Party shall preserve and maintain a copy of each electronic PDF placed in the desktop folder of the Source Code Computer.  A party may only seek to obtain printed copies of a reasonable number of pages, narrowly tailored to the needs of this case.  Unless agreed to in writing by the Producing Party, the Receiving Party may not request printed copies of more than 25 consecutive pages, or an aggregate total of more than 150 pages, of the source code.  If necessary, the Receiving Party may request printed copies of additional pages in excess of these limits, and such request, upon showing of good cause, shall not be unreasonably denied by the Producing Party.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the request to receive printed copies of additional pages, the Receiving Party shall be entitled to seek the Court's resolution.

9. Printed copies of the source code shall be logged and maintained by the Receiving Party in a secured, locked area under the direct control of counsel or experts for whom disclosure has been cleared.  The Receiving Party's counsel may make a single copy of any printed pages of source code, which shall be maintained in the same manner as the original printed pages.  Any printed pages of source code may not otherwise be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

10. The Receiving Party's outside counsel and expert shall be entitled to take notes relating to the source code during inspection and may refer to and describe the source code as

necessary to utilize such notes, but may not copy any lines of the source code into the notes.  Nor will the Receiving Party's outside counsel or experts copy any portion of any encryption keys or passwords included in the source code.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

11. Unless agreed to by the Producing Party, use or possession of any outside electronic devices (e.g., USB memory sticks, mobile phones or tablets, cameras, laptops, floppy disks, CDs, zip drives, or any device that can access the Internet or any other network or external system, etc.) or any nonelectronic devices capable of similar functionality is prohibited while accessing the Source Code Computer.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.  The Producing Party shall make a separate room close in proximity to the review room available for the Receiving Party's outside counsel and expert to leave personal belongings, including phones and laptops, and in which such individuals may work and take notes and use their computers.

12. The Producing Party shall keep a log that records the identity of individuals who enter the locked room to view the source code and when they enter and depart.  The Receiving Party shall log the identity of individuals to whom a copy of the source code is provided, when the copy was provided to that person, and where the copy is stored.  The other Party is entitled to a copy of each log.

13. Within sixty (60) days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party shall serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's source code. In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

14. Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation.

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Of Counsel*:

Steven Yovits
Constantine Koutsoubas
Mark Scott

By: */s/ Kelly E. Farnan*
Kelly E. Farnan #4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel: (302) 651-7700
farnan@rlf.com

*Of Counsel*:

Sten Jensen
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
Tel: (202) 339-8400
sjensen@orrick.com

- 7 -

Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070
syovitw@kelleydrye.com
ckoutsoubas@kelleydrye.com
mascott@kelleydrye.com

Clifford Katz
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
ckatz@kelleydrye.com

*Attorneys for Plaintiff Gracenote, Inc.*

Clement Seth Roberts
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel:  (415) 773-5700
croberts@orrick.com

Alyssa Caridis
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Tel:  (415) 629-2020
acaridis@orrick.com

*Attorneys for Defendant Free Stream Media Corp. d/b/a Samba TV*

IT IS SO ORDERED this ____ day of _____, 2020.

_____
The Honorable Richard G. Andrews
United States District Judge

6574813/45232