IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRACENOTE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 18-1608-RGA |
| v. | ) |
| | ) |
| FREE STREAM MEDIA CORP. | ) |
| d/b/a SAMBA TV, | ) |
| | ) |
| Defendant. | ) |

## [PROPOSED] JOINT SCHEDULING ORDER

This **19** day of February, 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 20, 2020.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed **within 120 days of the date of this Order**.

3. <u>Discovery.</u>

   a. <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **January 15, 2021**.

   b. <u>Document Production.</u> Document production shall be substantially complete by **August 7, 2020**.

  c. <u>Requests for Admission.</u> A maximum of **25** requests for admission are permitted for each side, except for requests for admission directed to authentication of documents pursuant to Rules 803 or 901 of the Federal Rules of Civil Procedure, for which the parties are permitted up to an additional **100** requests for admission.

  d. <u>Interrogatories.</u> A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

  e. <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 110 hours of taking testimony by deposition upon oral examination, excluding expert depositions. Depositions of witnesses, except as otherwise provided herein, agreed, or ordered by the Court, shall be limited to up to seven (7) hours per deposition.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than eight business days prior to the conference/argument, any party seeking relief

shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

        If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        g.    Initial Patent Disclosures.  The parties shall make the following disclosures pursuant to the Delaware Default Standard for Discovery in Patent Litigation:

        i.    Identification of Accused Products and Asserted Patents. Pursuant to Paragraph 4(a) of the Default Standard, **on or before February 20, 2020** Plaintiff shall specifically identify the accused products and the asserted patents they assert are infringed by Defendant, and produce the file history for each asserted patent.

        ii.    Core Technical Documents. On or before **February 21, 2020**, subject to entry of a suitable confidentiality agreement governing access to source code, Defendant shall produce to Plaintiff the source code for the accused products, including historical versions back to 2012 with respect to relevant functionality.  Pursuant to Paragraph 4(b) of the Default Standard, **on or before March 23, 2020**, Defendant shall produce to Plaintiff

the remainder of its core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics, and specifications.

      iii.    <u>Infringement Contentions</u>. Pursuant to Paragraph 4(c) of the Default Standard, **on or before May 20, 2020,** Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. Plaintiff's infringement contentions shall include pinpoint source code-specific citations for each element of each asserted claim with respect to each accused product to the extent [PLAINTIFF'S POSITION: Plaintiff is relying on source code for infringement of such element] [DEFENDANT'S POSITION: the accused functionality is carried out by source code].

      iv.    <u>Invalidity Contentions</u>. Pursuant to Paragraph 4(d) of the Default Discovery Standard, **on or before June 19, 2020,** Defendant shall produce to Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals and patents).

      v.    <u>Amendments to Contentions</u>. Amendment of the Infringement Contentions or the Invalidity Contentions may be made [PLAINTIFF'S POSITION: without leave of Court until 30 days after a claim construction decision] [DEFENDANT'S POSITION: only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the accused product(s) which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions].

        vi.    <u>Claim and Prior Art Reference Narrowing</u>. Within 14 days of the Court's entry of a claim construction order, the parties shall meet and confer on a narrowing of asserted claims and prior art references. To the extent the parties cannot agree on such narrowing, the parties should present the issue to the Court in accordance with the Court's discovery dispute procedures.

    h.    Plaintiff has no current plans to institute any further litigation involving the asserted patents in this or other Districts within the next year. Defendant has submitted four IPRs (petitioning the four patents-in-suit in this litigation) at the Patent Trial and Appeal Board, with filing dates of December 6th and 9th, 2019. Defendant does not expect to file any additional IPRs.

    i.    Plaintiff represents that none of the patents-in-suit have been licensed or the subject of a settlement agreement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

    j.    <u>ESI Initial Disclosures</u>. By **March 20, 2020**, each Party shall make the disclosures required by Paragraph 3 of the Delaware Default Standard for Discovery.

    4.    <u>Application to Court for Protective Order.</u> Counsel will confer and attempt to reach an agreement on a proposed form of protective order specifying terms and conditions for the disclosure of confidential information and submit it to the Court **within ten days** from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or

party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification.</u> On or before **July 3, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **July 10, 2020**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[1]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **July 31, 2020**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **August 21, 2020**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **September 4, 2020**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **September 18, 2020**. No later than **September 25, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

    B.    [TERM 2]

        1.    Plaintiff's Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.    <u>Hearing on Claim Construction.</u> Beginning at __9:00__ a.m. on **October 27 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    10.    <u>Disclosure of Expert Testimony.</u>

        a.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 22, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including Plaintiff's disclosure regarding objective indicia of nonobviousness, is due on or before **March 19, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **April 12, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope

of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 21, 2021**.

      b.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11.    <u>Case Dispositive Motions.</u> All case dispositive motions shall be served and filed on or before **July 2, 2021**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Answering briefs shall be served and filed on or before **July 30, 2021**. Reply briefs shall be served and filed on or before **August 20, 2021**. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12.    <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference.</u> On December 3, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 am. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine.*</u> Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that

makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. Trial. This matter is scheduled for a ~~seven (7)~~ five (5) day jury trial beginning at 9:30 a.m. on ~~November~~ December 13, 2021, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

6574812/45232