**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROKU, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) C.A. No. 18-1608-RGA |
|    v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| FREE STREAM MEDIA CORP. | ) |
| d/b/a SAMBA TV, | ) **PUBLIC VERSION** |
| | ) |
|       Defendant. | ) |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

OF COUNSEL:

Steven Yovits
Constantine Koutsoubas
Mark J. Scott
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Malavika Rao
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800

Dated: September 22, 2021
7381758 / 45232
PUBLIC VERSION
Dated: October 4, 2021

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff Roku, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROKU, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) C.A. No. 18-1608-RGA |
| v. | ) |
|  | ) **JURY TRIAL DEMANDED** |
| FREE STREAM MEDIA CORP. | ) |
| d/b/a SAMBA TV, | ) **PUBLIC VERSION** |
|  | ) |
| Defendant. | ) |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Roku, Inc. ("Roku" or "Plaintiff"), for its Amended Complaint against Free Stream Media Corp., doing business as Samba TV ("Samba" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement brought against Defendant for infringement of United States Patent Nos. 9,066,114 ("the '114 Patent"); 9,479,831 ("the '831 Patent"); and 10,977,307 ("the '307 Patent").

### PARTIES

2. Roku, Inc. is organized and existing under the laws of the state of Delaware.

3. Samba is a corporation organized and existing under the laws of the state of Delaware.

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

5.  This Court has personal jurisdiction over Defendant because Defendant is a Delaware corporation.

6.  Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant is a Delaware corporation.

## FACTUAL BACKGROUND

7.  Roku's automatic content recognition ("ACR") platform identifies content included in a multimedia signal and may initiate an action at certain points in the multimedia signal. For example, at certain points during playback of a multimedia signal, specific advertisements may be shown, or additional or alternative content may be presented.

## THE ASSERTED PATENTS

8.  The '114 Patent, entitled "Method and Device for Generating and Detecting a Fingerprint Functioning as a Trigger Marker in a Multimedia Signal," was duly and legally issued on June 23, 2015. A true and correct copy of the '114 Patent is attached hereto as Exhibit A.

9.  Roku is the assignee and owner of all right, title, and interest in the '114 Patent. The '114 Patent is valid and enforceable.

10. Defendant has had actual knowledge of the '114 Patent since at least January 19, 2016.

11. On January 19, 2016, counsel for Gracenote, Inc. ("Gracenote"), Roku's predecessor, sent a letter to the chief executive officer of Defendant, indicating that "Samba TV performs methods, induces customers to perform methods, makes systems and products, and offers systems and products for sale that infringe Gracenote's patents, including the '114 patent." Attached to that letter were the '114 patent and "a sample claim chart showing how Samba TV's

methods, systems, and products infringe claim 1 and similar claims of the '114 patent." A true and correct copy of the January 19, 2016, letter and claim chart are attached hereto as Exhibit B.

12. The '831 Patent, entitled "Method and Device for Generating and Detecting a Fingerprint Functioning as a Trigger Marker in a Multimedia Signal," was duly and legally issued on October 25, 2016. A true and correct copy of the '831 Patent is attached hereto as Exhibit C.

13. Roku is the assignee and owner of all right, title, and interest in the '831 Patent. The '831 Patent is valid and enforceable.

14. The '831 Patent claims priority to the same patent application as the '114 Patent. The '831 Patent and the '114 Patent share a common specification.

15. The '307 Patent, entitled "Method and Apparatus for Multi-Dimensional Content Search and Video Identification," was duly and legally issued on April 13, 2021. A true and correct copy of the '307 Patent is attached hereto as Exhibit D.

16. Roku is the assignee and owner of all right, title, and interest in the '307 Patent. The '307 Patent is valid and enforceable.

17. The claims of the '307 Patent are directed, among other things, to solving the problems experienced in the prior art regarding poor accuracy of video database ACR searches and low confidence in the results of such searches. ('307 Patent, 1:66-2:7 ("[Prior art] approaches . . . are not generally accurate."); 2:47-51 ("Another embodiment of the invention addresses a method to post process signatures and associated data between a video sequence of interest or an object region associated with a query object or a video sequence to increase accuracy and confidence of a video sequence match.").)

18. The limitations of independent claims 1, 9, and 17 of the '307 Patent, and the claims that depend from them, present a specific technical solution to the prior art problems discussed

above. Each of those claims involve identifying a video by combining candidate reference video signatures into a candidate list and determining that the sequence score of a candidate satisfies a threshold. ('307 Patent, claims 1, 9, and 17.) This sequence score is based on comparison between a query sequence of a query video and a reference sequence of a reference video. (*Id.*)

19. The above-discussed claims of the '307 Patent provide a specific technical solution to prior art problems and do not preempt all ways of improving the accuracy and confidence of video matches in an ACR system. In fact, many other approaches to solving these problems exist. (*See, e.g.,* U.S. Patent No. 11,089,360, attached as Exhibit E (improving accuracy and confidence based on audio fingerprints); U.S. Patent No. 11,012,738, attached as Exhibit F (improving accuracy and confidence based on location); U.S. Patent No. 10,848,820, attached as Exhibit G (improving accuracy and confidence based on time of broadcast).)

20. The claims of the '307 Patent are not directed to an abstract idea. Rather, they are directed to a specific asserted technical improvement in computer (database searching and matching) capabilities. *See Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1258 (Fed. Cir. 2017); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016).

21. The declaration of Pierre Moulin ("Moulin Decl."), attached hereto as Exhibit H, is incorporated by reference into this Amended Complaint.

22. The priority date of the '307 Patent is June 18, 2007. ('307 Patent, Related U.S. Application Data section.) As of that date, it was not well-understood, routine, or conventional among those of skill in the art to improve the accuracy and confidence of video ACR matches in the way claimed in the '307 Patent. (Moulin Decl., Ex. H, ¶ 25.) In particular, it was not well-understood, routine, or conventional to improve the accuracy and confidence of video ACR matches by making a candidate list, determining sequence scores by comparing query signatures

4

to reference signatures, and identifying the video that meets a sequence score threshold. (*Id.*) In fact, as of June 18, 2008, video ACR was in its nascent stages, and large-scale commercially-used video ACR systems were just beginning to be offered. (*Id.*) Accordingly, in June 2008, no aspects of video ACR could be characterized as routine or conventional, let alone the specific approach of the '307 Patent (making a candidate list, determining sequence scores by comparing query signatures to reference signatures, and identifying the video that meets a sequence score threshold). (*Id.*)

## THE INFRINGING PRODUCT

23. Defendant sells or offers for sale its products that use ACR for data collection and analysis and for triggering actions such as presenting additional or alternative content, including its "second-screen" applications (collectively, "the Infringing Product").

24. The Infringing Product is described in detail in Roku's infringement contentions, served on Samba TV on August 30, 2021 ("Contentions"). A true and correct copy of the Contentions is attached hereto as Exhibit I.

25. By making, using, offering to sell, or selling the Infringing Product, Defendant is infringing the asserted patents as described in detail in the Contentions (Ex. I).

26. By this lawsuit, Roku seeks to enjoin Defendant from any further unauthorized making, use, sale, or offering for sale of Roku's patented technology, and it seeks to recover damages, including lost profits, treble damages, reasonable attorneys' fees, and other such and further relief as the Court deems just and proper against Defendant's willful violation of federal law.

## COUNT I
## INFRINGEMENT OF THE '114 PATENT

27. Roku repeats and re-alleges paragraphs 1-26 as if fully set forth herein.

28. Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, claims 1, 2, 3, 4, 5, 6, 8, and 9 of the '114 Patent under 35 U.S.C. § 271(a) by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product and performing the claimed methods.

29. A detailed infringement claim chart mapping claims 1, 2, 3, 4, 5, 6, 8, and 9 to Defendant's products and methods is included in the Contentions. (Ex. I.)

30. On January 19, 2016, Gracenote's counsel sent a letter to the chief executive officer of Defendant (attached hereto as Exhibit B), indicating that "Samba TV performs methods, induces customers to perform methods, makes systems and products, and offers systems and products for sale that infringe Gracenote's patents, including the '114 patent." Attached to the letter were the '114 patent and "a sample claim chart showing how Samba TV's methods, systems, and products infringe claim 1 and similar claims of the '114 patent."

31. In addition to providing direct instructions to users, Defendant provides, or has its partners provide, all the hardware, software, and firmware constituting or carrying out each element of claims 1, 2, 3, 4, 5, 6, 8 and 9. Method steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant has placed within the Infringing Product.

32. Thus, since at least January 19, 2016, Defendant has known of the existence of the '114 Patent and has known, or should have known by virtue of the claim charts attached to the January 19, 2016 letter (attached as Exhibit B), that its actions constituted infringement of claims 1, 2, 3, 4, 5, 6, 8, and 9 of the '114 Patent. Accordingly, Defendant's infringement has been willful.

33. Gracenote's counsel's January 19, 2016, letter to Defendant attached the '114 Patent and described the manner in which particular aspects of the Infringing Product practice each

element of the asserted claim of the '114 Patent. In spite of the foregoing, Defendant has continued to make, use, sell, and/or offer for sale the Infringing Product.

34. Thus, since at least January 19, 2016, Defendant has known of the '114 Patent and has known, or should have known, that its actions have constituted infringement of the '114 Patent, which is valid and enforceable. Accordingly, Defendant has willfully infringed the '114 Patent since at least January 19, 2016.

35. Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Roku to suffer damages, which in no event are less than a reasonably royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Roku. Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Roku will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF THE '831 PATENT

36. Roku repeats and re-alleges paragraphs 1-35 as if fully set forth herein.

37. Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, claims 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 14, 15, 18, 24, 25, 26, 27, and 28 of the '831 Patent under 35 U.S.C. § 271(a) by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product and performing the claimed methods.

38. A detailed infringement claim chart mapping claims 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 14, 15, 18, 24, 25, 26, 27, and 28 of the '831 Patent to Defendant's products and methods is included in the Contentions. (Ex. I.)

39.     In addition to providing direct instructions to users, Defendant provides, or has its partners provide, all the hardware, software, and firmware for carrying out each method step of claims 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 13, 14, 15, 18, 24, 25, 26, 27, and 28 of the '831 Patent. The steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant has placed within the Infringing Product.

40.     Defendant has been willfully infringing the '831 Patent since the original Complaint was served in this action.

41.     Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Roku to suffer damages, which in no event are less than a reasonably royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Roku. Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Roku will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III
## INFRINGEMENT OF THE '307 PATENT

42.     Roku repeats and re-alleges paragraphs 1-41 as if fully set forth herein.

43.     Upon information and belief, Defendant has infringed and continues to infringe, literally or under the doctrine of equivalents, claims 1, 2, 3, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, and 19 of the '307 Patent under 35 U.S.C. § 271(a) by making, using, selling and/or offering to sell in the United States, and/or importing into the United States, the Infringing Product and performing the claimed methods.

44.     A detailed infringement claim chart mapping claims 1, 2, 3, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, and 19 of the '307 Patent to Defendant's products and methods is included in the Contentions. (Ex. I.)

45. In addition to providing direct instructions to users, Defendant provides, or has its partners provide, all the hardware, software, and firmware constituting or carrying out each element of claims 1, 2, 3, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, and 19 of the '307 Patent. Method steps are carried out automatically upon receipt of information sent by Defendant according to code and firmware Defendant has placed within the Infringing Product.

46. Defendant is willfully infringing the '307 Patent as of the date the present Amended Complaint is served.

47. Through the conduct alleged above, Defendant has caused and will in the absence of an injunction continue to cause Roku to suffer damages, which in no event are less than a reasonably royalty, and which include, but are not limited to, lost sales and sales opportunities. Defendant has also irreparably harmed Roku. Upon information and belief, unless and until Defendant is enjoined by this Court from further infringement, Roku will continue to suffer damages and irreparable injury for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Roku prays for judgment against Defendant as follows:

1. A judgment declaring that Defendant has infringed the '114 Patent, the '831 Patent, and the '307 Patent and that such infringement has been willful;

2. An order and judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '114 Patent, the '831 Patent, and the '307 Patent.

3. A judgment awarding Roku all damages adequate to compensate for the Defendant's infringement of the '114 Patent, the '831 Patent, and the '307 Patent, but in no event

less than a reasonable royalty, for the Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Roku all damages, including treble damages, based on any infringement found to be willful and egregious, pursuant to 35 U.S.C. § 284, together with pre-judgment interest.

5. A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285;

6. A judgment ordering that Defendant pay Roku its reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285; and

7. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

OF COUNSEL:

Steven Yovits
Constantine Koutsoubas
Mark J. Scott
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel: (312) 857-7070

Clifford Katz
Malavika Rao
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800

Dated: September 22, 2021
7381758 / 45232
PUBLIC VERSION
Dated: October 4, 2021

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Bindu A. Palapura
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff Roku, Inc.*